SELINDA FESSENDEN, Administratrix *vs.* BENJAMIN B. MUSSEY.

In assumpsit against B. B. M. for $112.50, the price of a pew, the plaintiff proved the following entry in the auctioneer's book of sales : " Sale of pew in Bulfinch Street church, for acc. Selinda Fessenden, (the plaintiff.)   Monday, March 24, 1845.   Pew No. 18.   Benj. Mussey.   $112.50.   Charges, advertising, and commission, $5." *Held,* a sufficient memorandum within the statute of frauds, if made at the time of sale by the auctioneer or under his direction ; the omission of the middle letter of the defendant's name not being fatal, if it could be shown by parol that he was the person intended, or that he was known by one name as well as the other.

THOMAS, J.   This was assumpsit for the price of a pew in the Bulfinch Street church, Boston, sold, as the plaintiff alleges, by her to the defendant.   The defendant, among other grounds of defence, relied upon the statute of frauds.   The presiding judge instructed the jury, that the contract was within the statute of frauds, and, therefore, void, and that there was nothing in the memorandum in writing offered by the plaintiff, or the other evidence, to take the sale out of the statute.   The pew was sold at auction, and in the record of sales kept by the auctioneer, is this entry : " Sale of pew in Bulfinch Street church, for acc. Selinda Fessenden.   Monday, March 24, 1845.   Pew No. 18.   Benj. Mussey.   $112.50. Charges, advertising, and commission, $5."   If this memorandum was made at the time and place of sale, by the auctioneer, or his clerk, then acting under his direction, we think it is sufficient.   *Gill* v. *Bicknell,* 2 Cush. 355 · *Morton* v. *Dean,* 13 Met. 385.   It designates clearly what was sold, by whom, to whom, the time when, and the price. The middle name of the purchaser is omitted, but it was competent to show by parol that defendant was intended, or that defendant was well known by the name, or that he subsequently recognized the signature.   As to terms of payment, the presumption of law in the absence of an express stipulation is, that it was for cash, payable on a tender of a deed.

The only remaining question is, was this memorandum

made at the time and place of sale, and by a clerk acting under the direction of the auctioneer. On this point, we have only to say that there was competent evidence on which the jury might have found that the memorandum was so made.

*Exceptions sustained.*

*W. Brigham*, for the plaintiff.
*A. H. Fiske*, for the defendant.

